Filed 7/28/22  P. v. Vigil CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>AARON ANTHONY VIGIL,<br><br>    Defendant and Appellant. | B315445<br><br>Los Angeles County<br>Super. Ct. Nos. KA117978,<br>KA117413 |

APPEAL from an order of the Superior Court of Los Angeles County, Mike Camacho. Remanded with instructions.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle and David A. Voet, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

In two separate jury trials, defendant and appellant Aaron Anthony Vigil was convicted of various crimes, including mayhem and assault with a deadly weapon. The trial court sentenced him to an upper term on the mayhem count and stayed sentencing on the assault count under Penal Code section 654.[1] On appeal, this court concluded the trial court prejudicially erred by relying on improper aggravating factors in imposing the upper term on the mayhem count. We remanded the matter to the trial court for a resentencing hearing. At the resentencing hearing, the trial court sentenced Vigil to a middle term on the mayhem count. Vigil now raises one contention on appeal – that the matter should be remanded to allow the trial court to reconsider his sentence in light of recently-enacted Assembly Bill 518 (AB 518). AB 518 amended section 654 by removing the requirement that a defendant be punished for the offense with the longest term of imprisonment (2021-2022 Reg. Sess.) (Stats 2021, Ch. 441). For the reasons discussed below, we agree with Vigil and remand the case for the trial court to consider whether to grant him relief under AB 518.

## BACKGROUND[2]

In case KA117413, a jury convicted Vigil of assault with a deadly weapon (§ 245, subd. (a)(1); count one) and mayhem (§ 203; count two). The jury also found he personally used a

---

1       All undesignated statutory references are to the Penal Code.

2       We omit recitation of the facts underlying Vigil's convictions because they are not relevant to the issue presented in this appeal.

deadly weapon (§ 12022, subd. (b)(1)) and personally inflicted great bodily injury (§ 12022.7, subd. (a)). In case KA117978, a jury convicted Vigil of three counts of a felon possessing a firearm (§ 29800, subd. (a)(1)) and one count of felon possessing ammunition (§ 30305, subd. (a)(1)). Based on Vigil's admissions, the court found he sustained a prior strike and serious felony conviction (§§ 667, 1170.12), and he committed certain crimes charged in case KA117978 while on bail in case KA117413 (§ 12022.1). In a joint sentencing hearing on the two cases, the court imposed an aggregate sentence of 24 years and 8 months in state prison.

On appeal in case B298543, this court affirmed the sentence (case no. KA117978). In case B298482, we remanded the matter for the trial court to reconsider the imposition of the upper term on the mayhem count (case no. KA117413).

On remand, the trial court imposed the middle term of four years on the mayhem count, doubled to eight years because of the prior strike. The court re-imposed the other sentences and enhancements it had initially imposed, resulting in an aggregate sentence of 16 years and 8 months in state prison.

Vigil timely appealed in case KA117978, and we ordered the notice amended to include case KA117413.

## DISCUSSION

Vigil argues his case should be remanded for reconsideration in light of AB 518. We agree.

As noted earlier, Vigil was convicted in case KA117413 of mayhem and assault with a deadly weapon. Under the applicable law at the time of Vigil's sentencing, an act or omission that was punishable in different ways by different laws had to be punished under the law that provided for the longest possible term of

3

imprisonment. (Former § 654, subd. (a).) Mayhem carries a sentence of two, four, or eight years in state prison (§ 204), and felony assault with a deadly weapon carries a sentence of two, three, or four years (§ 245, subd. (a)(1)). The sentencing court thus imposed sentence on the mayhem count but stayed sentencing on the assault count as required by former section 654.

As amended by AB 518, section 654 now provides that the trial court may impose and execute sentence on either of the penal provisions, and not solely on the statute with the greater punishment. (*People v. Sek* (2022) 74 Cal.App.5th 657, 673.) Because Vigil's sentence was not final on January 1, 2022, when AB 518 took effect, he is entitled to its ameliorative effect. (*People v. Sek*, *supra*, at p. 673; see *In re Estrada* (1965) 63 Cal.2d 740, 745.)

As the Attorney General points out, remand is unwarranted if the record provides clear indication that the trial court would not impose a lesser sentence. (See *People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.) Although the Attorney General agrees with Vigil that AB 518 is retroactive, he contends remand is unwarranted because the record clearly indicates the trial court would not reduce Vigil's sentence. We are not persuaded. Although it is true that the trial court, at the resentencing hearing, did not lower Vigil's sentence as much as it could have, we cannot be certain what the trial court would do with its newfound discretion under AB 518. For this reason, and because Vigil's liberty interest is at stake, we remand the cases for reconsideration in light of AB 518. We express no view concerning what sentence the court should impose on remand.

## DISPOSITION

The cases are remanded for reconsideration in light of AB 518. In all other respects, the judgment is affirmed.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


CURREY, J.


We concur:


MANELLA, P.J.


COLLINS, J.

5